ALFREDO RONDÓN, Plaintiff and Appellee, *v.* JUAN BASABE, Defendant; THE AETNA CASUALTY & SURETY COMPANY, Petitioner and Appellant.

No. 4593. Argued May 3, 1929.—Decided May 31, 1930.

*Hartzell, Kelley & Hartzell* and *R. O. Fernández* for appellant. *M. Olmedo* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is an action for damages prosecuted by Alfredo Rondón against Juan Basabe. The defendant, appearing through his counsel Hartzell, Kelley & Hartzell, raised several preliminary questions, and then answered. On the day set for the trial there occurred the following incident, which we transcribe from the statement of the case and opinion filed by the trial judge:

"On December 6, and at the time set, this case was called for trial, with the appearance of attorney Olmedo in behalf of the plaintiff and attorneys Kelley and Fernández, of the firm of Hartzell, Kelley & Hartzell, as attorneys of record for the defendant. At the opening of the trial the said attorneys of record for the defendant stated that they were withdrawing, and in fact withdrew, from the case because the defendant Juan Basabe had not cooperated with them in preparing the defense to the action and, therefore, they were not in a position to defend him. Defendant Juan Basabe did not appear personally."

After a trial the court gave judgment for the plaintiff who, upon the judgment becoming final, moved in execution thereof for an attachment to be levied on certain funds deposited with the Treasurer of Puerto Rico by The Aetna

Casualty & Surety Company, which, plaintiff claimed, had insured the defendant. A writ of attachment was issued and thereupon the company, through its attorneys Hartzell, Kelley & Hartzell, moved that the writ be quashed. The court denied the motion and the company took the present appeal, and has assigned twelve errors in its brief.

The case has been extensively discussed by us in conference and we have finally reached the unanimous conclusion that the order of attachment should be reversed.

There is not sufficient evidence to show that The Aetna Casualty & Surety Company is at all liable to the plaintiff. The judgment was rendered against Basabe, and it was not shown by adequate proof that the said company was his insurer. Even if that particular had been proved, as the policy was not introduced in evidence, its clauses were not known. Nor was there any allegation made as to due performance on the part of Basabe of the said clauses.

It seems that the plaintiff relied on the Regulations of the Public Service Commission of June 30, 1925, which makes it obligatory for the owners of public service automobiles, such as the automobile of the defendant which caused the injury complained of herein, to take out a liability policy, "which shall cover any compensation awarded by the proper court to any person injured, damaged or prejudiced in his person or property, or to his heirs in case of his death, by reason of any accident due to the careless, negligent or defective operation of the motor vehicle by the public carrier, whether said vehicle is operated by the grantee of the franchise directly or through any of his agents, employees or subordinates." However, such regulation does not apply in the present case, because according to its own provisions it went into effect on a date subsequent to the occurrence of the accident. But even if applicable, it would not be sufficient of itself to justify the order of attachment, without proof that such a policy had in fact been issued by the said company; that its clauses entitled the plaintiff to proceed

directly against the insurer upon recovery of a judgment against the insured, and that the said insurer has had its day in court after having been duly summoned—circumstances which not only were not shown but were not even properly alleged.

The order appealed from must be reversed.

MR. JUSTICE WOLF, concurring.

I am of the opinion that supposing the Public Service Commission to have the authority by rule to make an insurance company responsible in the manner described in the majority opinion, nevertheless such company could not be reached by an attachment, but that a suit would have to be filed against it. The company should have its day in court directly. The opinion of the majority tends in this direction but does not, from my point of view, go far enough.

Furthermore, I question whether the Public Service Commission could by rule fix an obligation of this kind on the insurance company. The power, supposing it to exist, would generally reside in the Legislature. My dissent in *Santiago v. Public Service Commission*, 37 P.R.R. 467, is along these lines.